# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

DALLAS ROBERT JAHNCKE, JR,

      Defendant-Appellant.

UNPUBLISHED
August 10, 2017

No. 333098
Washtenaw Circuit Court
LC No. 15-000589-FC

Before: MARKEY, P.J., and RONAYNE KRAUSE and BOONSTRA, JJ.

PER CURIAM.

Defendant pleaded no contest to first-degree home invasion, MCL 750.110a(2), for which he was sentenced to 4 to 20 years imprisonment, and assault with a dangerous weapon, MCL 750.82, for which he was sentenced to a concurrent prison term of 32 months to 4 years. Defendant appeals by leave granted. We affirm.

In issue on appeal is MCL 600.4803(1), which provides as follows:

> A person who fails to pay a penalty, fee, or costs in full within 56 days after that amount is due and owing is subject to a late penalty equal to 20% of the amount owed. The court shall inform a person subject to a penalty, fee, or costs that the late penalty will be applied to any amount that continues to be unpaid 56 days after the amount is due and owing. Penalties, fees, and costs are due and owing at the time they are ordered unless the court directs otherwise. The court shall order a specific date on which the penalties, fees, and costs are due and owing. If the court authorizes delayed or installed payments of a penalty, fee, or costs, the court shall inform the person of the date on which, or time schedule under which, the penalty, fee, or costs, or portion of the penalty, fee, or costs, will be due and owing. A late penalty may be waived by the court upon the request of the person subject to the late penalty.

Defendant requested and was appointed a lawyer. Defendant was bound over to circuit court for trial following a preliminary examination. Subsequently, the trial court accepted defendant's plea of no contest to the above charges, and in exchange the prosecutor agreed to dismiss a charge of armed robbery, MCL 750.529. The court scheduled sentencing and told defendant that it expected him to pay all monetary obligations by then.

-1-

At sentencing, the trial court imposed the above listed prison terms  and further assessed a $60 DNA fee, $68 in state costs, a crime victim assessment of $130, court costs of $1,611, and attorney's fees of $650.  Defendant's attorney then argued that the trial court did not tell defendant "that monies not paid . . . within 56 days would be subject to a 20 percent penalty." Counsel explained that defendant did not have the money to pay at that time and asked that the money due be made payable "in five years after he's gone through the minimum period of time," when defendant would be able to pay, "instead of imposing a 20 percent . . . penalty on top of the already significant costs that you have imposed."  The trial court stated that defendant was informed at the plea hearing that the court expected all monetary obligations to be paid at the time of sentencing and noted an advisory about the penalty was in the PSIR.  The trial court stated that defendant could file a hardship appeal if he could not pay the assessed costs and fees.

An order to remit prisoner funds was issued thereafter.  The order states that the trial court found defendant had or would have the ability to pay the financial obligations ordered by the court, that defendant owed a balance of $2,519, excluding restitution, and the money was to be collected by the Department of Corrections in accordance with MCL 791.220h.  The judgment of sentence contains the following language:  "The due date for payment is ___.  Fines, costs, and fees not paid within 56 days of the due date are subject to a 20% late penalty on the amount owed."

Defendant then filed an affidavit and financial schedule asserting that he resided in prison, was not employed, and had no income.  In due course, the trial court issued a denial of defendant's motion to waive or suspend fees and costs.  The court noted that the operative question was whether defendant was "indigent and unable to pay or whether forced payment would work a manifest hardship on the defendant at that time."  The trial court found that defendant failed to demonstrate that he is indigent and that even if he had, he also failed to demonstrate that payment of the costs and fees imposed on him would cause manifest hardship.

Defendant argues that because he is indigent, the imposition of the 20% late payment penalty violated his constitutional rights to equal protection and due process.  He also asserts the penalty is usurious.

In *People v Jackson*, 483 Mich 884; 759 NW2d 401 (2009), the Supreme Court, in granting leave, instructed the parties to address "whether imposing a 20 percent late fee pursuant to MCL 600.4803(1) constitutes an impermissible collection effort or sanction for non-payment or provides a means of enforcement that exposes a defendant to more severe collection practices than the ordinary civil debtor."  But in its opinion deciding the case, the Court declined to answer the question "because the trial court did not impose this late fee on defendant, and there is no indication that it ever will.  Thus, at this point, the issue is not ripe."  *People v Jackson*, 483 Mich 271, 298; 769 NW2d 630 (2009).  "The doctrine of ripeness is designed to prevent the adjudication of hypothetical or contingent claims before an actual injury has been sustained.  A claim is not ripe if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."  *City of Huntington Woods v Detroit*, 279 Mich App 603, 615-616; 761 NW2d 127 (2008) (citation and quotation marks omitted).

There is no indication in the record that the late penalty was ever imposed on defendant. It is not specifically mentioned in the order to remit prisoner funds, nor was the stated balance

due on the document changed to reflect a charge for the penalty. Nor is there anything in the record to indicate the fee was imposed after the court denied defendant's motion to waive or suspend fees and costs. Accordingly, this appeal on this issue is not ripe for review.[1]

We affirm.

/s/ Jane E. Markey
/s/ Amy Ronayne Krause
/s/ Mark T. Boonstra

---

[1] Were we to address the issues raised by defendant concerning MCL 600.4803(1) we would be required to reject them as this Court recently did in *People v Crawford*, (Docket No. 333375), sub nom *People v Shenosky*, ___ Mich App ___; ___ NW2d ___ (Docket No. 332735, June 8, 2017), slip op at 4-5. We would be bound to follow *Crawford*. See MCR 7.214 (J)(1).